**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MELANIE BIEHLE, | Case No.: 1:25-cv-13204 |
| Plaintiff, | **Judge Steven C. Seeger** |
| v. | **Magistrate Judge M. David Weisman** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

**AGREED MOTION FOR ENTRY OF CONSENT JUDGMENT**

Plaintiff, Melanie Biehle ("Plaintiff"), with the agreement and consent of Defendant Nos. 16 posters ONE et al.[1] (collectively, the "Defendants"), respectfully move the Court, pursuant to the Parties' settlement agreement, for entry of the proposed Consent Judgment attached hereto as **Exhibit A**. In support, the Parties state as follows:

The Parties executed a settlement agreement resolving all claims in this action. Under that agreement, Defendants agreed to pay Plaintiff two thousand two hundred fifty dollars ($2,250) (the "Settlement Amount") and to remit the Settlement Amount by July 18, 2026. Defendants did not provide notice that additional time was needed and did not request an extension of that deadline.

Defendants did not remit the Settlement Amount by the July 18, 2026, deadline. Consistent with the Parties' agreement, and with Defendants' consent, Plaintiff moves for entry of the proposed Consent Judgment attached hereto as Exhibit A, which awards the Settlement Amount, enters the agreed permanent injunction, and preserves Plaintiff's right to reasonable attorneys' fees

---

[1]"Defendants" include Defendant Nos. 16 posters ONE, 19 OK poster, and 20 Holiday decoration posters.

and costs incurred in enforcing the judgment. This motion is agreed; Defendants consent to entry of the proposed Consent Judgment and do not oppose the relief requested.

Accordingly, the Parties respectfully request that the Court enter the proposed Consent Judgment attached hereto as Exhibit A against Defendants.

DATED: July 24, 2026

Respectfully submitted,

_/s/ Keith A. Vogt_
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**_ATTORNEY FOR PLAINTIFF_**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 24, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MELANIE BIEHLE,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:25-cv-13204

**Judge Steven C. Seeger**

**Magistrate Judge M. David Weisman**

## CONSENT JUDGMENT

This action having been commenced by Plaintiff MELANIE BIEHLE ("Plaintiff") against the following Defendants ("Defendants") (collectively, the "Parties") identified on Schedule A to the Complaint, Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint:

| No. | Defendant Name | Account ID |
|-----|----------------|------------|
| 16 | posters ONE | 634418219371824 |
| 19 | OK poster | 634418219722020 |
| 20 | Holiday decoration posters | 634418219043963 |

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating at least one e-commerce store that targets United States consumers using one or more seller aliases, offering goods for sale and shipping to the United States, including Illinois, accepting payment in U.S. dollars, and using unauthorized copies of the MELANIE BIEHLE Works listed in Exhibit 1 to the Complaint in connection with those sales.

THIS COURT FURTHER FINDS that Defendants are liable for copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, be permanently enjoined and restrained from

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the MELANIE BIEHLE Works in any manner without the express authorization of Plaintiff;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine MELANIE BIEHLE product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the MELANIE BIEHLE Works;

   c. committing any acts calculated to cause consumers to believe that Defendant's Infringing MELANIE BIEHLE Works are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the MELANIE BIEHLE Works and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the MELANIE BIEHLE Works.

2

2.      Pursuant to the Parties' settlement agreement, Defendants shall pay Plaintiff two thousand two hundred fifty dollars ($2,250) in damages (the "Damage Amount").

3.      Temu LLC ("Temu") is ordered to transfer the Damage Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4.      The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction, and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: _____, 2026

_____
Steven C. Seeger
United States District Judge

3